**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-02293-REB-MJW

A-W LAND CO., LLC,
VERNON JESSER,
MARY JESSER,
KENT J. McDANIEL,
DEANNA R. McDANIEL,
MARVIN BAY, and
MILDRED BAY, Co-Trustees of the Bay Family Trust, individually and on behalf of all others similarly situated,

      Plaintiffs,

vs.

ANADARKO E&P COMPANY LP f/k/a RME PETROLEUM COMPANY, and
ANADARKO LAND CORPORATION f/k/a RME LAND CORP.,

      Defendants.

## ORDER OF RECUSAL

**Blackburn, J.**

      This matter comes before me *sua sponte*. To eschew the appearance of impropriety, I conclude that I must recuse myself from this case.

      As a general rule, recusal is required when "a reasonable person armed with the relevant facts would harbor doubts about the judge's impartiality." ***Maez v. Mountain States Telephone & Telegraph, Inc.,*** 54 F.3d 1488, 1508 (10th Cir. 1995). Pursuant to 28 U.S.C. § 455, a judge should recuse himself from a case when his participation in the case creates an appearance of impropriety. ***See United States v. Pearson***, 203 F.3d 1243, 1264 (10th Cir.), ***cert. denied***, 120 S.Ct. 2734 (2000). The standard under 28 U.S.C. § 455(a) is an objective one, requiring recusal only "if a reasonable person,

knowing all the relevant facts, would harbor doubts about the judge's impartiality."
***United States v. Cooley***, 1 F.3d 985, 993 (10th Cir. 1993) (citations omitted).

The spouse of one of my career law clerks is a self-employed investor and money manager. As such, he holds investment positions, both personally and on behalf of clients, in Anadarko Petroleum Corp. ("APC"). Defendant Anadarko E&P Company LP is listed as one of APC's "significant subsidiaries" in its most recent Form 10K submission to the SEC. (***See* Form 10-K**, **List of Significant Subsidiaries**, Exh. 21, *available at* http://www.sec.gov/Archives/edgar/data/773910/000119312509036986/dex21.htm (last accessed November 18, 2009.)   Further, APC reports that its financial statements are consolidated with those of its subsidiaries. (***See id.***, **Anadarko Petroleum Corporation Notes to Consolidated Financial Statements Years Ended December 31, 2008, 2007 and 2006** Exh. 1 at 77 ¶ 1, *available at* http://www.sec.gov/Archives/edgar/data/773910/000119312509036986/d10k.htm#tx159700_30) (last accessed November 18, 2009). Accordingly, I conclude that the impartiality of my chambers might reasonably be questioned in this matter, and the appearance of impropriety may very well exist, warranting my *sua sponte* recusal and disqualification as required by 28 U.S.C. § 455 (a) and Canon 3.C(1) of the Code of Conduct for United States Judges, 175 F.R.D. 364, 368 (1998).

**THEREFORE, IT IS ORDERED** as follows:

1. That under 28 U.S.C. § 455(a), I **RECUSE** myself from this case; and

    2.  That this case **SHALL BE REASSIGNED** pursuant to D.C.COLO.LCivR 40.1B. and F.

Dated November 19, 2009, in Denver, Colorado.

BY THE COURT:

/s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge