IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09cv02293-MSK-MJW

A-W LAND CO., LLC,
VERNON JESSER and MARY JESSER,
KENT J. MCDANIEL and DEANNA R. MCDANIEL, and
MARVIN BAY and MILDRED BAY,
Co-Trustees of the Bay Family Trust,
Individually and on behalf of all others similarly situated,

　　　　Plaintiffs,

v.

ANADARKO E&P COMPANY LP
f/k/a RME PETROLEUM COMPANY and
ANADARKO LAND CORPORATION f/k/a/ RME LAND CORP.

　　　　Defendants.

---

**PROTECTIVE ORDER** ( Docket No. 23 — 2 )

---

Upon a showing of good cause in support of the entry of a protective order to protect the

discovery and dissemination of confidential or sensitive information, IT IS ORDERED:

### PROTECTIVE ORDER

1.　　　　This Protective Order shall apply to all confidential documents, materials, and

information, including without limitation, documents produced, answers to interrogatories,

responses to requests for admission, deposition testimony, and other information disclosed

pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

Exhibit 1

2.      As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. Pro. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      Information designated "CONFIDENTIAL" shall be information that is private, sensitive or confidential regarding the parties and/or third parties which normally are required by law, agreement or policy and practice to be maintained confidentially. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.      CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

 a.   attorneys actively working on this case;

 b.   persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

 c.   representatives of the parties;

 d.   expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

 e.   the Court and its employees ("Court Personnel");

 f.   stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

2

g.  deponents, witnesses, or potential witnesses; and

h.  other persons by written agreement of the parties.

5.    Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement in the form attached as Exhibit A stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.    Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."  Electronic documents may be designated as CONFIDENTIAL by putting them on a CD labeled as "CONFIDENTIAL."

7.    Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.    Any CONFIDENTIAL information filed with the Court shall be filed under seal consistent with D.C. COLO. LCivR 7.2 ~~and 7.3~~.

3

9.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10.      At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents, except that counsel may retain one copy of such CONFIDENTIAL documents to maintain a complete file. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction. Any retained documents remain subject to the terms and conditions of this Protective Order, and shall not be disclosed or used, without the consent of the party

producing such documents or further Order of the Court, except as described herein.  This

Protective Order will remain in effect after the completion of the case.

11.     This Protective Order may be modified by the Court at any time for good cause

shown following notice to all parties and an opportunity for them to be heard.


Dated: December 21, 2009.

BY THE COURT:

Michael J. Watanabe
United States Magistrate Judge

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02293-MSK-MJW

A-W LAND CO. LLC,
VERNON JESSER and MARY JESSER,
KENT J. MCDANIEL and DEANNA R. MCDANIEL, and
MARVIN BAY and MILDRED BAY,
Co-trustees of the Bay Family Trust,
individually and on behalf of all others similarly situated,

Plaintiffs,

v.

ANADARKO E&P COMPANY LP, and
ANADARKO LAND COMPANY,

Defendants.

---

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

---

I, _____, understand that confidential documents or

other sources of information which have been designated as "Confidential" pursuant to the

Protective Order entered in this action are to be disclosed to me for use by me solely in

connection with prosecution or defense of claims involved in this action.  I further understand

that the Protective Order, a copy of which has been shown to me and I have read, prohibits me

from either using or disclosing such confidential documents or other sources of information for

any purpose other than as set forth in and pursuant to the Protective Order entered by the Court.

I further understand that if I violate the Protective Order, I may be held in contempt of Court, and

I submit to the Court's jurisdiction for enforcement of the Protective Order.

Exhibit A

Notwithstanding the foregoing, this endorsement shall not apply to any documents or information validly obtained by me or my employer independent from this litigation.

_____
(Signature)

Dated: _____

Print name and address:

_____

_____

_____

Exhibit A, p. 2