IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09cv02293-MSK-MJW

A-W LAND CO., LLC,
VERNON JESSER and MARY JESSER,
KENT J. MCDANIEL and DEANNA R. MCDANIEL, and
MARVIN BAY and MILDRED BAY,
Co-Trustees of the Bay Family Trust,
Individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

ANADARKO E&P COMPANY LP
f/k/a RME PETROLEUM COMPANY and
ANADARKO LAND CORPORATION f/k/a/ RME LAND CORP.

      Defendants.

## AMENDED PROTECTIVE ORDER (Docket No. 76-1)

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential or sensitive information, IT IS ORDERED:

### PROTECTIVE ORDER

1.    This Protective Order shall apply to all confidential documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. Pro. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is private, sensitive or confidential regarding the parties and/or third parties which normally are required by law, agreement or policy and practice to be maintained confidentially. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    a. attorneys actively working on this case;

    b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c. representatives of the parties;

    d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e. the Court and its employees ("Court Personnel");

    f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g. deponents, witnesses, or potential witnesses; and

h. other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement in the form attached as Exhibit A stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Electronic documents may be designated as CONFIDENTIAL by putting them on a CD labeled as "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. Any CONFIDENTIAL information filed with the Court shall be filed under seal consistent with D.C. COLO. LCivR 7.2.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents, except that counsel may retain one copy of such CONFIDENTIAL documents to maintain a complete file. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction. Any retained documents remain subject to the terms and conditions of this Protective Order, and shall not be disclosed or used, without the consent of the party

producing such documents or further Order of the Court, except as described herein. This Protective Order will remain in effect after the completion of the case.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

12. The parties acknowledge there exists the possibility that a party may inadvertently produce documents, Electronically Stored Information ("ESI"), or other information which would otherwise be subject to a claim of privilege against discovery by the producing party. For purpose of this Protective Order, "privilege" or "privileged" includes, but is not limited to, documents, ESI, or information constituting attorney-client communications or attorney work product and information prepared in anticipation of litigation as defined under applicable law.

13. As permitted by Fed. R. Evid. 502(b), the parties have agreed, and the Court orders, that:

    a. Inadvertent disclosure of any document, ESI or other information that is subject to a legitimate claim that it should have been withheld from disclosure as privileged material shall NOT constitute a waiver of any privilege or other applicable protective doctrine for that document, ESI or other information, or for the subject matter of the inadvertently disclosed information if the producing party, upon becoming aware of the disclosure, promptly requests its return.

    b. In the event any document, ESI or other information is produced that the producing party later claims within a reasonable time period (reasonable time period is defined herein for purpose of this Protective Order as 30 days from the date the

producing party discovers the inadvertent disclosure) are privileged, the receiving party shall, within five (5) business days of receipt of a written request by the producing party identifying the document, ESI or other information, return the original to the producing party, destroy all copies thereof and delete any copy of the document, ESI or other information, or any portion thereof, from any document management data base tape or disk it maintains. A receiving party's return of such document, ESI or other information is without prejudice to its ability to challenge the designation of the document, ESI or other information as privileged; provided, however, that mere production of the document, ESI or other information in the course of this action shall not be a ground for asserting waiver of the privilege. If the receiving party in good faith contemplates filing a motion challenging the designation of any such document, ESI or other information as privileged, it may retain one copy of the allegedly privileged document, ESI or other information for the sole purpose of filing such copy with the Court under seal, in accordance with D.C.COLO.LCivR 7.2, along with the motion. In that event, the receiving party must place any such retained copy in a sealed envelope. If the receiving party does not file such motion, it shall destroy the sealed envelope. The parties agree that should such a motion be filed, the producing party preserves all rights to argue that the material was inadvertently produced, that the production did not waive any privilege, and that the document, ESI or other information is and remains privileged. The parties acknowledge that their agreement that the receiving party is entitled to retain a copy of such document, ESI or other information for the sole purpose of filing the above-referenced motion does not constitute evidence of a waiver of any privilege which may

otherwise be applicable to such document, ESI or other information. The burden of demonstrating the initial and continued applicability of any asserted privilege shall remain with the party asserting such privilege. Should the receiving party not prevail on the above referenced motion or should the Court rule that the receiving party must return the document, ESI or other information at issue, then the receiving party promptly shall return any remaining copy of the document, ESI or other information at issue to the producing party.

Dated: June 7, 2010.

BY THE COURT:

Michael J. Watanabe
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02293-MSK-MJW

A-W LAND CO. LLC,
VERNON JESSER and MARY JESSER,
KENT J. MCDANIEL and DEANNA R. MCDANIEL, and
MARVIN BAY and MILDRED BAY,
Co-trustees of the Bay Family Trust,
individually and on behalf of all others similarly situated,

Plaintiffs,

v.

ANADARKO E&P COMPANY LP, and
ANADARKO LAND COMPANY,

Defendants.

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

I, _____, understand that confidential documents or other sources of information which have been designated as "Confidential" pursuant to the Protective Order entered in this action are to be disclosed to me for use by me solely in connection with prosecution or defense of claims involved in this action. I further understand that the Protective Order, a copy of which has been shown to me and I have read, prohibits me from either using or disclosing such confidential documents or other sources of information for any purpose other than as set forth in and pursuant to the Protective Order entered by the Court. I further understand that if I violate the Protective Order, I may be held in contempt of Court, and I submit to the Court's jurisdiction for enforcement of the Protective Order.

Exhibit A

Notwithstanding the foregoing, this endorsement shall not apply to any documents or information validly obtained by me or my employer independent from this litigation.

_____
(Signature)

Dated: _____

Print name and address:

_____

_____

_____