IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02293-MSK-MJW

A-W LAND CO., INC., et al.,

Plaintiff(s),

v.

ANADARKO E & P COMPANY LP, et al.,

Defendant(s).

---

**ORDER REGARDING:
(1) PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANTS
(DOCKET NO. 70)
AND
(2) DEFENDANT ANADARKO'S MOTION TO STRIKE PLAINTIFF'S MOTION TO
COMPEL DISCOVERY FROM DEFENDANTS AND REQUEST FOR EXPEDITED
RULING (DOCKET NO. 73)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the court on (1) Plaintiffs' Motion to Compel Discovery from Defendants (docket no. 70) and (2) Defendant Anadarko's Motion to Strike Plaintiff's Motion to Compel Discovery from Defendants and Request for Expedited Ruling (docket no. 73). The court has reviewed the subject motions (docket nos. 70 and 73), the responses (docket nos. 82 and 83), and the replies (docket nos. 88 and 89). In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. Further, the court has reviewed, *in camera*, the subject documents filed under seal pursuant to this court's Minute Order dated June 29, 2010 (docket no. 87). The court now being fully informed

makes the following findings of fact, conclusions of law, and Order.

In Plaintiffs' Motion to Compel Discovery from Defendant (docket no. 70), the Plaintiffs seek an Order from this court compelling production of documents in the form of emails. Plaintiffs seek production of 11 categories of documents and redacted portions of documents which Defendant Anadarko claims to be privileged as reflected in Defendant Anadarko's privilege log provided to Plaintiffs on May 21, 2010. Defendant Anadarko argues that Plaintiffs' motion (docket no. 70) should be denied because (1) Plaintiffs have failed to comply with D.C.COLO.LCivR 7.1A, and (2) the documents are protected under Colorado's attorney-client privilege, § 13-90-107(1)(b), C.R.S., Upjohn Co. v. United States, 449 U.S. 383, 391-92 (1981); National Farmers Union Prop. & Cas. Co. v. District Court, 718 P.2d 1044, 1048-49 (Colo. 1986).

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That jurisdiction in this case is based upon diversity, and thus pursuant to Fed. R. Evid 501, Colorado state law applies to issues of privilege. See Frontier Ref., Inc. v. Gorman-Rupp Co., Inc., 136 F.3d 695, 699 (10th Cir. 1998);

5. That the attorney-client privilege protects not only information and

3

advice communicated by the attorney to the client, but also communications from the client to the attorney that enable the latter to give sound and informed legal advice. <u>Alliance Const. Solutions, Inc. v. Department of Corr.</u>, 54 P.3d 861, 865 (Colo. 2002);

6. That the following factors should be considered by a trial court in determining whether a communication between corporate counsel and company personnel is privileged:

   a. The information is provided by a corporate employee to counsel acting as counsel for the corporation at the direction of corporate supervisors;

   b. The purpose of the communication is to allow counsel to provide legal advice to the corporation;

   c. The employee is aware that the communication is with an attorney for the purpose of allowing the corporation to secure legal advice; and

   d. The employee is aware that communication is confidential.

   See <u>National Farmers</u>, 718 P.2d at 1049; <u>Upjohn</u>, 449 U.S. at 394-95;

7. That after a thorough, *in camera*, review of the subject documents filed under seal pursuant to this court's minute order dated June 29, 2010 (docket no. 87), along with a thorough review of the moving papers, in particular, the Declaration [affidavit] of Marla Jones dated June 17, 2010 [exhibit A to Response (docket no. 83)], in-house

4

counsel for Defendant Anadarko, this court finds that the attorney-client privilege applies to all of the subject documents that Plaintiffs seek in the subject motion (docket no. 70), and therefore the subject motion (docket no. 70) should be denied; and

8. That based upon this court's Order concerning Plaintiffs' Motion to Compel Discovery from Defendants (docket no. 70), this court finds that Defendant Anadarko's Motion to Strike Plaintiff's Motion to Compel Discovery from Defendants and Request for Expedited Ruling (docket no. 73) is MOOT and therefore DENIED.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiffs' Motion to Compel Discovery from Defendants (docket no. 70) is **DENIED**;

2. That Defendant Anadarko's Motion to Strike Plaintiff's Motion to Compel Discovery from Defendants and Request for Expedited Ruling (docket no. 73) is **MOOT** and therefore **DENIED** based upon this Court's Order above on Plaintiffs' Motion to Compel Discovery from Defendants;

3. That the subject documents filed under seal pursuant to this court's Minute Order dated June 29, 2010 (docket no. 87), shall remained **SEALED** and not opened except by further Order of Court; and

5

4. That each party shall pay their own attorney fees and costs for this motion.

Done this 2nd day of March, 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE