IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02293-MSK-MJW

A-W LAND CO., LLC.,
VERNON JESSER,
MARY JESSER,
KENT J. MCDANIEL,
DEANNA R. MCDANIEL,
MARVIN BAY, and
MILDRED BAY,
Co-Trustees of the Bay Family Trust,
individually and on behalf of all others similarly situated,

Plaintiff(s),

v.

ANADARKO E & P COMPANY LP, f/k/a RME Petroleum Company, and
ANADARKO LAND CORPORATION, f/k/a RME Land Corp.,

Defendant(s).

---

## RECOMMENDATION REGARDING
## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (DOCKET NO. 46)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was before the court on March 21, 2012, for hearing on Plaintiffs'

Motion for Class Certification (docket no. 46).  The court has reviewed the subject

motion (docket no. 46), the response (docket no. 63), the reply (docket no. 74), the

supplemental memoranda (docket nos. 107 and 109), and the massive exhibits

attached to docket nos. 46, 63, 74, 107, and 109.  In addition, the court has taken

judicial notice of the court's file and has considered applicable Federal Rules of Civil

Procedure and case law.  Lastly, the court has considered the oral arguments

presented by the parties through their legal counsel.  The court now being fully informed

makes the following finding of fact, conclusions of law, and recommendation.

2

In the Amended Complaint (docket no. 100), Plaintiffs have brought three claims for relief against the Defendants (collectively referred to as "Defendant" or "Defendant Anadarko").  Such claims are for trespass, declaratory judgment regarding existence of trespass and compensation for it, and accounting for payment of 2 ½% royalty on oil and gas production from certain vertical wells as trespass damages.  Plaintiffs contend that Defendant's decision to discontinue Union Pacific's pre-McCormick v. Union Pacific Res. Co., 14 P.3d 346 (Colo. 2000), practice of offering Surface Owner's Agreements ("SOAs") that provided surface owners with 2 ½% of the value of oil and gas production plus surface damages necessarily means that the drilling of certain vertical wells on Defendant's oil and gas estates after 2000 constitutes trespasses.   Plaintiffs seek to require Defendant to compel its lessees to drill oil and gas wells only directionally, rather than vertically, in the Wattenberg Field, and to collect a 2 ½% royalty from Defendant on oil and gas production as damages for certain vertical wells drilled after 2000.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2.    That venue is proper in the state and District of Colorado;

3.    That each party has been given a fair and adequate opportunity to be heard;

4.    That the named Plaintiffs seek to represent a Class of persons, pursuant to Fed. R. Civ. P. 23(b)(3), defined as follows:

All persons and entities owning surface rights in the certain counties which make up the Wattenberg Field in Colorado, in

which Anadarko owns the oil and gas mineral estate in the same land, which were acquired by Anadarko from Union Pacific Resources Group, Inc., or its affiliates, and on which lands Anadarko or its lessees have after the year 2000 or will in the future drill unnecessary vertical wells for the production of oil and gas.  For purposes hereof, unnecessary vertical well means more than one vertical well per quarter section of land.  The defined Class excludes: (1) any person or entity who is a member of an Indian Tribe; (2) the United States of America; (3) Anadarko, its affiliates, its predecessors-in-interest, and its respective employees, officers and directors; and (4) any person or entity who is currently a party to a standard Surface Owner's Agreement with Anadarko or its predecessors, which still is in effect.

5.    That Plaintiffs have the burden of proving that each of the requirements for certification of a Fed. R. Civ. P. 23(b)(3) class has been satisfied.  DG ex rel. Stricklin v. Devaughn, 594 F.3d 1188, 1194 (10th Cir. 2010).  In determining if Plaintiffs have satisfied this burden, this court must conduct a "rigorous analysis" of each of the requirements for certification of a Rule 23(b)(3) Class.  Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011); Vallario v. Vandehey, 554 F.3d 1259, 1266-67 (10th Cir. 2009);

6.    That the requirements for a Fed. R. Civ. P. 23 Class are:

(a)    The class is so numerous that joinder of all members

4

is impracticable;

(b)     There are questions of law or fact common to the

class;

(c)     The claims of the representative plaintiffs are typical

of the claims of the class;

(d)     The representative plaintiffs will fairly and adequately

protect the interests of the class;

(e)     Common questions of law or fact predominate over

questions affecting only individual members; and

(f)     A class action is superior to other available methods

for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23(a) and (b).  See Wal-Mart, 131 S. Ct. at 2550;

Vallario, 554 F.3d at 1267;

7.     That the court must conduct a "rigorous analysis" of class

allegations.  Wal-Mart, 131 S. Ct. at 2551.  "Frequently that

'rigorous analysis' will entail some overlap with the merits of the

plaintiff's underlying claim."  Id.  The necessity for a trial "court to

probe behind the pleadings before coming to rest on the

certification question" cannot be avoided because "[t]he class

determination generally involves considerations that are enmeshed

in the factual and legal issues comprising the plaintiff's cause of

action."  Id. at 2551-52.  The court "need not blindly rely on

conclusory allegations of the complaint . . . and may consider the

legal and factual issues presented by plaintiff's complaints."  DG ex

rel. Stricklin, 594 F.3d at 1194 (quotations omitted);

8.    That in this case, in order to identify persons with standing to sue for trespass (i.e., drilling of an allegedly "unnecessary vertical well" without the surface owner's permission), and thereby persons who are class members under the definition stated above in paragraph 4, the court would have to make numerous individual factual inquiries concerning: (1) each well, (2) each parcel, and (3) each owner.  Other considerations include, but are not limited to:  (1) the number of drilling windows and wells on each parcel, (2) the physical location of each well, (3) whether each well was drilled after the year 2000, (4) whether there is a prior SOA covering that parcel, (5) the method of drilling for each well, (6) if the well was drilled vertically, whether that drilling method was "convenient or necessary," and (7) the terms and conditions of any agreement between the surface owner and Defendant Anadarko and/or its lessee:

### NUMEROSITY -  Rule 23(a)(1)

9.    That the numerosity requirement of Rule 23(a)(1) is met if the defined class is so numerous that joinder of all class members in this litigation is impracticable.  See Rodriguez v. Bar-S Food Co., 567 F. Supp. 1241, 1247 (D. Colo. 1983).  There is no minimum numerical threshold which must be exceeded to satisfy this requirement.  Rather, the nature of the particular case, and the nature of the proposed class, are key considerations in determining

whether joinder of all parties is not practical;

10. In this case, Plaintiffs have submitted evidence that shows that at least 300 members would fall into the defined class stated above. See affidavit of Plaintiffs' retained expert Richard Bates. However, Mr. Bates assumes commonality among the group of potential putative class members that he counted and has ignored the parcel size. Nevertheless, it is undisputed that smaller parcels do not have a drilling window and therefore cannot have any oil and gas wells. Mr. Bates' affidavit also does not give any consideration to the facts which determine whether a vertical well is "unnecessary" or to any events occurring after Defendant Anadarko did not offer an SOA. This court finds that these facts have to be considered to determine whether a trespass under Colorado law (i.e., drilling of an allegedly "unnecessary vertical well" without surface owner's permission) has occurred. Accordingly, this court finds that Mr. Bates' assumption that the potential putative class members have suffered a common trespass is not reliable, and his estimation of the number of potential putative class members is also not reliable. See also expert reports from Jonathan Tjornehoj and Thomas Beisceker;

### COMMONALITY -  Rule 23(a)(2)

11. That Rule 23(a)(2) requires that the claims of members of a proposed class present "questions of law or fact common to the class." A plaintiff must demonstrate a common question such "that

determination of its truth or falsity will resolve an issue that is central

to the validity of each one of the claims in one stroke." <u>See</u> <u>Wal-</u>

<u>Mart</u>, 131 S. Ct. at 2551.  Commonality requires that a plaintiff

seeking class certification demonstrate that class members have

suffered the same injury from the same cause.  "What matters to

class certification . . .  is not the raising of common 'questions' -

even in droves - but, rather the capacity of a classwide proceeding

to generate common *answers* apt to drive the resolution of the

litigation." <u>Id.</u> (quotations omitted);

12.   That in this case, Plaintiffs' trespass theory (i.e., lessor aiding lessee

to commit trespass) would require this court to make individual

inquiries as to each lessee's actions.  This court would further have

to determine whether a specific well is an "unnecessary vertical well"

without surface owner permission and would have to examine

intervening events between Defendant Anadarko and its decision

not to offer an SOA and the drilling of the well, namely, the acts of

the third-party lessees.  Moreover, whether the lessor is liable under

such a theory is dependent on the factual circumstances of each

case.  "A question is not common . . . if its resolution turns on a

consideration of the individual circumstances of each class

member." <u>Frederick v. Southern Star Cent. Gas Pipeline, Inc.</u>, 10-

1063-JAR, 2011 WL 3880902, at *3 (D. Kan. Sept. 2, 2011) (a

determination of unconscionability for gas storage leases would

"necessitate individual inquires into numerous factual

considerations" because of distinctions between the putative class members in terms of date of lease execution, primary term of lease, whether the lease had provisions for free or reduced-cost gas, and what was reasonably foreseeable to the parties at the time the lease was signed).  Accordingly, I find that Plaintiffs have failed to meet the commonality requirement under Rule 23(a)(2).  Plaintiffs have failed to demonstrate one set of common facts to establish liability, and therefore there is not a common problem capable of common resolution;

**TYPICALITY -  Rule 23(a)(3)**

13.     That to satisfy the typicality requirement, a class representative must possess the same interest and suffer the same injury from the same cause as the unnamed class member.   Rector v. City and County of Denver, 348 F.3d 935, 949-50 (10th Cir. 2003).  "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class."  Sprague v. Gen Motors Corp., 133 F.3d 388, 399 (6th Cir. 1998);

14.     That in this case, I find that Plaintiffs have failed to meet the commonality requirement under Rule 23(a)(3).  Plaintiffs have not established a basis for such premise as stated above in paragraph 13 above because of the need for extensive individual factual inquiries to determine which surface owners have suffered an "unnecessary vertical well" without their permission and thus are eligible to be class members;

**ADEQUATE REPRESENTATION - Rule 23(a)(4)**

15.    That Rule 23(a)(4) requires that a proposed class representative adequately protect the interests of the class as a whole.  This requirement is intended to ensure that a class representative has sufficient interests in common with the class that the representative adequately will assert and protect the interests of the class.  The adequate representation requirement of Rule 23(a)(4) concerns both the competence of the class representative's counsel and the representative's willingness and ability to control the litigation and to protect the interests of the class as a whole.  See Rutter & Wilbanks Corp. v. Shell Oil Co., 314 F.3d 1180, 1187-88 (10th Cir. 2002); Horton v. Goose Creek Independent Sch. Dist., 690 F.2d 470, 484 (5th Cir. 1982);

16.    That it is undisputed that Plaintiffs' counsel are qualified and experienced in class action lawsuits, but whether the class representatives' interests are adequately and sufficiently in common or in conflict with the interests of the unnamed class members would require, as stated above, extensive individual factual inquires by the court;

**PREDOMINANCE AND SUPERIORITY - Rule 23(b)(3)**

17.    That Plaintiffs contend that class certification is warranted pursuant to Rule 23(b)(3).  Certification under Rule 23(b)(3) is permissible only where "the court finds that the questions of law or fact common to the class members predominate over any questions affecting only

individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). These two requirements are generally referred to as predominance and superiority. To satisfy Rule 23(b)(3), "questions of law or fact common to the members of the class [must] predominate over any questions affecting only individual members" and making the determination "necessarily requires an examination of the underlying elements necessary to establish liability for plaintiffs' claims." Blades v. Monsanto Co., 400 F.3d 562, 569 (8th Cir. 2005). Plaintiffs must show that liability can be determined on a class-wide basis, i.e., that the evidence of liability is common for each class member. See id.; Brockman v. Barton Brands, Ltd., No. 3:06CV-332-H, 2007 WL 4162920, at *9 (W.D. Ky. Nov. 21, 2007). "[I]t is the plaintiffs' burden to demonstrate that common evidence exists to support the claim that there may be classwide injury with proof common to the class" to satisfy Rule 23(b)(3). Spa Universaire v. Qwest Comms. Int'l, Inc., Nos. 02-cv-01977-RPM, 02-cv-01778-RPM, 2007 WL 2694918, at *8 (D. Colo. Sept. 10, 2007). Therefore, to establish the element of predominance, a plaintiff must advance a theory by which to prove "an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class member's individual position." Lockwood Motors, Inc. v. General Motors Corp., 162 F.R.D. 569, 580 (D. Minn. 1995). "If, to make a prima facie showing

11

on a given question, the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question.  If the same evidence will suffice for each member to make a prima facie showing, then it becomes a common question."  Blades, 400 F.3d at 566.  See also Mulford v. Altria Group, Inc., 242 F.R.D. 625, 625, 627 (D.N.M. 2007) (the "need for individual evidence to determine if members of the proposed class suffered a loss strongly suggests that the proposed class is not sufficiently cohesive to warrant adjudication by representation.");

18.    That the elements of Plaintiffs' trespass [claim one in the First Amended Complaint (docket no. 100)] under Colorado are: (1) a physical intrusion upon the property of another and (2) without the proper permission from the person legally entitled to possession of that real estate.  Public Serv. Co. of Colo. v. Van Wyk, 27 P.3d 377, 389 (Colo. 2001).  Plaintiffs' second claim for relief seeks declaratory judgment, seeking a declaration from this court that Defendant Anadarko has trespassed and will continue to trespass and further that trespass damages are properly measured by a 2½% royalty on oil and gas production.  See First Amended Complaint (docket no. 100) at ¶ 37.  Lastly, Plaintiffs' third claim for relief seeks an accounting on Plaintiffs' requested trespass damage.  This court finds that Plaintiffs' second and third claims for relief are both dependent upon Plaintiffs' first claim for relief for trespass;

19.    That the "common" liability issues as relied upon by Plaintiffs are: (1)

whether Defendant Anadarko stopped offering the SOAs in the Wattenberg Field after 2000, (2) whether Defendant Anadarko's lessees drilled vertical wells after 2000, and (3) whether a vertical well is "convenient or necessary" or "convenient and proper" and thus allowed under the terms of many surface use reservations in Union Pacific deeds.  These issues do not avoid the necessity for individual proof on a well-by-well, parcel-by-parcel, and owner-by-owner basis to establish physical intrusion without permission, as required for trespass liability.  See Public Serv. Co. of Colo. v. Van Wyk, 27 P.3d at 389 (elements of trespass).  "If proof of the essential elements of the cause of action requires individual treatment, then class certification is unsuitable."  Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 172 (3rd Cir. 2001).  Accordingly, I find that the individual issues concerning proof of the elements of trespass predominate over common issues of liability, and therefore this case is not suitable for class certification;

20.    That compensation for injury resulting from a trespass under Colorado law is well-settled.  Damages for trespass may include diminution of market value, costs of restoration, loss of use of the property, and discomfort and annoyance.  Board of County Comm'rs of Weld County v. Slovek, 723 P.2d 1309, 1314-18 (Colo. 1986); Montgomery Ward & Co. v. Andrews, 736 P.2d 40 (Colo. App. 1987).  In this case, this court finds that determining trespass damages under Slovek and Montgomery Ward & Co. will require this

court to do a case-by-case, parcel-by-parcel, and alleged trespass-by-trespass analysis.  Thus, Plaintiffs have not advanced a theory for damages consistent with <u>Slovek</u> and <u>Montgomery Ward & Co.</u> on a class-wide basis.  Accordingly, the damages element of Plaintiffs' trespass claim [i.e, claim one in the First Amended Complaint (docket no. 100)] will require individual inquiries as to each member's potential damages for each parcel, and such inquires will predominate over common questions as to the element of damages. For this reason as well, a class should not be certified.  <u>See</u> <u>Corley v. Orangefield Indep. Sch. Dist.</u>, 152 Fed. Appx. 350, 355 (5th Cir. 2005);

21.   That Plaintiffs' theory for trespass damages based on unjust enrichment, raised for the very first time in their supplemental reply (docket no. 110), is unsupported by an unjust enrichment claim in the First Amended Complaint (docket no. 100).  This court will not consider this theory as a basis for class certification; and

22.   That Plaintiffs also have the burden to demonstrate that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  <u>See</u> <u>Clark v. State Farm Mut. Auto. Ins</u>. <u>Co.</u>, 245 F.R.D. 479, 488-89 (D. Colo. 2007), <u>aff'd</u>, 590 F.3d 1134 (10th Cir. 2009); <u>In re Gen. Motors Corp. "Piston Slap" Litig.</u>, 2006 WL 1049259, at *11 (W.D. Okla. Apr. 19, 2006) (the "pivotal membership in the class would essentially require a mini-hearing on the merits of each case.").  Here, this court finds that individual fact

issues exist as to each of the potential putative class member's right

to recover, and thus individual trials are more appropriate than

holding a series of "mini- trials" in a class action lawsuit.  Lastly, this

court finds that denial of class certification will not deter individual

surface owners from bringing separate lawsuits against Defendant

Anadarko and its lessees that challenge the vertical wells.  In fact,

other similar cases have been previously brought in this jurisdiction

and resolved.  See Zeiler Farms, Inc. v. Anadarko E & P Co. LP, et

al., Civil Action No. 07-cv-01985-WYD-MJW, and Greeley-Rothe,

LLC v. Anadarko E & P Co. LP, et al., Civil Action No. 08-cv-00401-

MSK-BNB.

## RECOMMENDATION

   **WHEREFORE**, based upon these findings of fact and conclusions of law, this

court **RECOMMENDS**:

   1.   That Plaintiffs' Motion for Class Certification (docket no. 46) be

        **DENIED**;

   2.   That each party pay their own attorney fees and costs for this

        motion.

   **NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**

**the parties have fourteen (14) days after service of this recommendation to serve**

**and file specific written objections to the above recommendation with the District**

**Judge assigned to the case.  A party may respond to another party's objections**

**within fourteen (14) days after being served with a copy.  The District Judge need**

not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Done this 3rd day of May 2012.

BY THE COURT

<u>s/ Michael J. Watanabe</u>
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE