**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

**Civil Action No. 09-cv-02293-MSK-MJW**

**A-W LAND CO., LLC;
VERNON JESSER;
MARY JESSER;
KENT J. McDANIEL;
DEANNA R. McDANIEL;
MARVIN BAY; and
MILDRED BAY,** Co-Trustees of the Bay Family Trust, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

**ANADARKO E&P COMPANY LP f/k/a RME PETROLEUM COMPANY; and
ANADARKO LAND CORPORATION f/k/a RME LAND CORP.,**

    Defendants.
_____

**OPINION AND ORDER GRANTING, IN PART, MOTION FOR RECONSIDERATION
BUT DENYING MODIFICATION OF PRIOR ORDER**
_____

    **THIS MATTER** comes before the Court pursuant to the Defendants' Motion for Reconsideration **(# 121)**, the Plaintiffs' response **(# 122)**, and the Defendants' reply **(# 123)**.

    The Court assumes the reader's familiarity with the proceedings to date, and thus offers only a brief summary. The Plaintiffs are owners of the surface estates of various parcels of property, and the Defendants own the mineral estates beneath those parcels. By virtue of the original grantor's reservation of rights (the "surface reservation"), which severed the surface and mineral estates, the Defendants enjoy a license to use as much of the surface estate as is "convenient and necessary" or "convenient any proper" to exploit the mineral estates. The

1

Plaintiffs contend that the Defendants' actions on the surface lands have exceeded that license, giving rise to liability in trespass.

The Plaintiffs moved **(# 46)** to certify this matter as a class action under Fed. R. Civ. P. 23(b)(3) essentially encompassing all surface estate owners whose ownership derives from the common grantor. In a September 27, 2012 Opinion and Order **(# 120)**, this Court granted in part and denied in part the Plaintiffs' motion. Specifically, the Court found that: (i) there were certain questions of law common to all putative class members, such as whether the Defendants could be held liable for trespasses committed by its lessees and what interpretation should be given to the language of the surface reservation; (ii) that questions of fact relating to whether the Defendants' use of the surface estate on any given parcel was or was not in compliance with the terms of the surface reservation were <u>not</u> common to the class and required individualized determination; (iii) that the remaining factors of Rule 23(a) supported class certification; and (iv) that the requirements of Rule 23(b)(1) and (2) were present, but not the requirements of Rule 23(b)(3) – that is, that there was a risk of inconsistent adjudications on the questions of law and that certain class-wide declaratory and injunctive relief could be appropriate, but that the common questions of law or fact did not predominate over the individualized questions. Accordingly, the Court bifurcated the case to first address the common issues of law identified by the Court, certifying a class for that purpose, but directing that upon determination of those common issues of law, the class would be decertified and the various surface estate owners could then proceed individually on their own unique trespass claims.

The Defendants filed the instant motion for reconsideration **(# 121)**, arguing that: (i) the Court's decision to resolve certify a class pursuant to Rule 23(b)(1) or (2) exceeded the scope of the Plaintiffs' motion (and thus, the parties' briefing), which only addressed Rule 23(b)(3); (ii)

that Rule 23(b)(1) is not satisfied here because "the mere fact that legal rulings in one case may affect a later case through the force of precedent" does not suffice to create a risk of inconsistent or dispositive adjudications among different class members; and (iii) that Rule 23(b)(2) is not satisfied because, although the Plaintiffs do seek affirmative relief, "it is crystal clear that the overwhelming thrust of Plaintiffs' lawsuit is a quest for an award of money damages" and that the Court's provision for a decertification process followed by individual trials ensures that "final injunctive relief respecting the class as a whole" will not result.

Because the Defendants' motion was filed within 28 days of the Court's Opinion and Order and alleges that the Court misapprehended the parties' arguments, it falls under Fed. R. Civ. P. 59(e). *Commonwealth Property Advocates, LLC v. Mortgage Electronic Registration Systems, Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011). Such a motion is an appropriate means to "correct manifest errors of law." *Jennings v. Rivers*, 394 F.3d 850, 854-55 (10th Cir. 2005). This is appropriate where the Court "has misapprehended the facts, a party's position, or the controlling law," but it is not a mechanism "to revisit issues already addressed." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Having reviewed the Plaintiffs' initial moving papers, the Court agrees with the Defendants: the Plaintiffs argue only for certification under Rule 23(b)(3), and not under subsections (b)(1) or (b)(2).[1] Thus, it is appropriate for the Court to entertain the motion for reconsideration. However, having now heard from the parties and reconsidered the matter in light of their additional arguments, the Court nevertheless finds that class certification is appropriate for the reasons previously stated.

---

[1] The Plaintiffs' reply brief does contain some argument that addresses, without actually citing, Rule 23(b)(2)'s notion of class-wide declaratory relief. *Docket* # 74 at 24-26.

With regard to the Defendants' contention that the individual class members would not be subject to the risk of inconsistent adjudications, such that Rule 23(b)(1) is not implicated here, the Court finds that argument without merit. The Court's prior Order identified four questions of law common to all class members: (i) whether the Defendants can be held liable for trespasses committed by its lessees; (ii) whether state-issued permits operate as a license to engage in conduct that would otherwise violate the surface reservation; (iii) whether the terms of the surface reservation are ambiguous; and (iv) if so, how they should be interpreted. Each of these questions has the potential, if answered individually, to provide "inconsistent or varying adjudications . . . that would establish incompatible standards of conduct for [the Defendants]." Fed. R. Civ. P. 23(b)(1)(A). Depending on the proof offered by each individual Plaintiff on each of these questions, it is entirely plausible that multiple cases could result in varying interpretations of the surface reservation, or even varying adjudications of the Defendants' vicarious liability or privilege, yielding a patchwork of differing legal standards applied to the Defendants' conduct.

The Court finds the Defendants' argument that individual suits might simply generate inconsistent "precedent," not inconsistent "standards," to be without merit. The "inconsistent adjudication" requirement of Rule 23(b)(1) applies "in cases where the party is obligated by law to treat the members of the class alike (a utility acting toward customers; a government imposing a tax), or where a party must treat all alike as a matter of practical necessity (a riparian owner using water as against downriver owners)." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614 (1997). It is "designed to protect against situations where the non-class party does not know, because of inconsistent adjudications, whether or not it is legally permissible for it to pursue a certain course of conduct." *Employers Ins. of Wausau v. Federal Deposit Ins. Corp.*, 112 F.R.D.

52, 54 (E.D.Tenn.1986) (emphasis in original), *quoted in National Union Fire Ins. Co. v. Midland Bancor, Inc.*, 158 F.R.D. 681, 687 (D. Kan. 1994). This is the situation that could occur if, for example, the Defendants prevailed in some individual suits on its claim that state-issued permits conferred a privilege to exceed the surface reservation, but lost on that argument (and on the merits) in other cases. Thus, the very same conduct by the Defendants would be privileged as to some surface estate owners and in violation of the surface reservation as to others, the kind of "incompatible courses of conduct" that Rule 23(b)(1) protects against. *See Wausau*, 112 F.R.D. at 55.

The Court also rejects the Defendants' argument that the "overwhelming thrust" of the Plaintiffs' claims are requests for damages, not class-wide declaratory relief, such that Rule 23(b)(2) would apply. In determining whether to certify a class under Rule 23(b)(2), the question presented is whether "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." There can be little dispute that the declaratory relief requested by the Plaintiffs – most significantly, a declaration interpreting the language of the surface reservation – fits that definition, as "a single . . . declaratory judgment would provide relief to each member of the class." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2557 (2011). However, *Wal-Mart* establishes that Rule 23(b)(2) certification is not permitted where individualized monetary relief is requested, and such relief "is not incidental to the injunctive or monetary relief." *Id.* Admittedly, the Plaintiffs here do request individualized monetary damages for trespass, but the Court does not view those requests as preventing Rule 23(b)(2) certification under *Wal-Mart*, insofar as the Court has bifurcated those individualized claims for damages out of the class-based proceedings. As structured by the Court, the only remedy that the class can obtain on a collective basis is the declaratory relief they seek; individualized claims

for monetary damages can only be pursued in post-class dissolution individual suits. *See generally In re Motor Fuel Temperature Sales Practices Litigation*, 271 F.R.D. 221, 237 n. 29 (D.Kan. 2010), *quoting* 2 Newburg on Class Actions, § 4:14 (4th Ed.) (court considering certification in case involving class-wide injunctive relief and individualized damages may "limit the Rule 23(b)(2) certification to certain issues only [or] certify special claims or issues under Rule 23(b)(2) and treat all the nondesignated claims or issues as individual or incidental ones to be determined separately after liability to the class has been adjudicated").

Thus, upon reconsideration, the Court nevertheless concludes that certification of the class is appropriate under Rule 23(b)(1) and (2). Moreover, even assuming that such certification was not proper, the Court further finds, upon reconsideration, that some clarification of its prior analysis on the applicability of Rule 23(b)(3) is also warranted. The Court rejected the notion that certification under Rule 23(b)(3) was appropriate because the Plaintiffs' individualized damage claims predominated over the common issues of fact and law in the litigation as a whole. That finding, although correct, failed to fully recognize the consequences of the Court's subsequent decision to bifurcate the individualized damage claims from the determination of class-wide questions of law and fact. Rule 23(c)(4) permits the Court to certify a class "with respect to particular issues," not necessarily the entirety of the litigation. *See e.g. Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1437 n. * (2013) ("at the outset, a class may be certified for liability purposes only, leaving individual damages calculations to subsequent proceedings"). By bifurcating the individualized damages claims from the common questions of law and fact, the Court eliminated (at least temporarily) the major obstacle to certification of the class under Rule 23(b)(3) as well. Thus, even if certification under Rule 23(b)(1) or (2) were

improper, the Court would, upon reconsideration, certify the same class for the same limited purposes under Rule 23(b)(3), for the reasons previously stated.

Accordingly, the Defendants' Motion for Reconsideration **(# 121)** is **GRANTED IN PART**, insofar as the Court has reconsidered its prior ruling, and **DENIED IN PART**, insofar as, upon reconsideration, the Court finds that its prior Order granting limited class certification was appropriate.

Dated this 24th day of June, 2013.

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
Chief United States District Judge