IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02293-MSK-MJW

VERNON JESSER and MARY JESSER,
KENT J. MCDANIEL and DEANNA R. MCDANIEL, and
MARVIN BAY and MILDRED BAY,
Co-trustees of the Bay Family Trust,
individually and on behalf of all others similarly situated,

Plaintiffs,

v.

ANADARKO E&P ONSHORE LLC and
ANADARKO LAND COMPANY,

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that:

- The limitation on discovery reflected in Section I(d) of the operative scheduling order (Docket No. 322) was contingent upon Chief Judge Krieger granting the motion to partially reinstate her order (Docket No. 320). Because Chief Judge Krieger did not grant that order, the stipulated limitation is no longer operative. Accordingly: The proper scope of discovery now concerns all four of the class-wide legal questions that have been certified for class resolution.

- Fed. R. Civ. P. 26(b)(1) now provides: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

    Applying this standard, I do not believe that all evidence of Defendants' current or recent interpretations of the contract language at issue is

categorically irrelevant. It is true that the contract terms were written long ago, by different parties. But the parties have cited, and the Court has found, no Colorado case that creates a bright-line rule or makes certain types of course-of-dealing evidence categorically irrelevant. As a result, the documents at issue here almost certainly have *some* relevance. In light of the amount in controversy and the limited burden imposed by this discovery – and considering especially that Chief Judge Krieger recently vacated her own order because of the limited factual record in this case – the Court finds that this discovery should be permitted.

- To the extent Defendants believe any of the current discovery requests are duplicative of previous requests, the best course of action for Defendants to take is to (1) identify the specific responses already given on the matter, (2) certify that a search for supplemental responsive information has been performed, and (3) produce any supplemental responsive information or certify that the supplemental search uncovered no new information.

- **Docket No. 338 is GRANTED**. Defendants may redact dollar figures and numerical formulas involved in the "full development" valuation, but otherwise shall produce the exchange agreement by 5:00 p.m. Mountain Time on Friday, March 18, 2016.

- **Docket Nos. 339, 340, and 341 are GRANTED**.

- **Docket Nos. 337 and 361 are DENIED AS MOOT**.

Date: March 17, 2016